•Judge Buckner-,
delivered the opinion ofthé court.
On the 15th of June, 1819, Thomas Lawes executed his note to P. N. Ross, for $¡446, due bn demand, on which a credit was endorsed for §212 SO cents, as paid on the 28th of August, 1819.
Onthe 28th of April, 1813, said'Láwes and the defendant Albert, executed a note to said Ross, for $200, upon which a credit was entered for §61, as paid on the 11th of Sept. 1816, and for the interest to thé 18th of June, 1817.
Ross having died,his wife administered on his estate; sued on each note, and recovered judgments, subject to the respective credits-.
After the judgment, upon the ,f200 note, was recov* ered, Lawes died.
*98 Albert, then filed his bill in chancery, praying for, and obtaining an injunction against the judgment, upon the ground of alleged usury; and that the $¡212 .50 cents, credited on the note for $446, ought to have been applied to the othernoto. The administratrix, and the infant heirs of Thomas Lawes, deceased, (no one having administered on his estate,) were made defendants.
A guardian ad litem, was appointed to defend for the infants, who filed an answer for them; saying, that they knew nothing about the matter; yet admitted the allegation of the bill, and signifying their willingness, that the credit of $212 50 cents, should be applied to the judgment on the $200 note.
The administratrix of Ross had, in the mean time, intermarried with Burks, who was therefore made a defendant.
Burks and wife answered the bill, denying the charge of usury, and insisting, that the credit hadbeen properly applied to the large note.
The injunction, on motion, was dissolved as to the sum of $89 33 cents, with damages thereon.
On the final hearing, the circuit court entered a decree, perpetuating the injunction, except as to the sum for which it had been dissolved, and giving costs to Albert, which were ordered to be set off against so much of the $89 33 cents.
Albert appealed; and this court affirmed the decree of the circuit court, declaring the proof adduced, to be too weak, to support the allegations of the bill, and that there was error to his prejudice.
Burks and wife npw prosecute this writ of error, to reverse the decree; alleging as grounds of reversal, that the injunction was improperly perpetuated, for the amount named; that it was improper to decree costs in favor of Albert, and that his bill should have been dismissed.
An attempt was made to prove, by one witness only, the receipt of usury by Ross. It was, however unsuccessful. The witness did not know either, that the note for $200, embraced any usurious interest, or that Ross had received any from Lawes, or Albert, on that, or any •other note. •
If debtor do not apply pay-tor'may ap-" ply them.J
jp neither debtor nor creditor has catimfof a payment, court of equi-if to note toy W preference to noteto which there is a surety.
Denny, for plaintiffs; Crittenden, for defendant.
Upon the ground of usury, therefore, it was improper to decree aninjunction against any part of the judgment.
The other ground, that the payment of $212 50 cents, was improperly applied, we are of opinion, cannot be sustained.
At the time,that payment was made, Ross and Lawes were both alive. There can be no doubt, that according to well established doctrine, Ross had a right to apply the payment to either note, unless otherwise directed by Lawes; see Hayward vs. Lemax, I Vern. 24, Manning vs. Western, II Vern, 600, Bacon vs. Brown, I Bibb, 334, Blanton vs. Rice, V Monroe, 253, and the authorities there cited. But in this case, there is not the slightest evidence, that any such directions were given.
Thepaymentindeed, would have been more than sufficient to satisfy the smallest note, and had the parties intended, that it should have been applied, in that way, the presumption is, the note would have been taken in.
If, however, there had been no directions given, nor no application of the payment, to either note, according to the doctrine settled in the case of Field, &c. vs. Holland, VI Cranch, 8, and the above cited case of Blanton vs. Rice, a court of equity might properly direct it to be applied to the large note, as the payment of that was not secured by surety, as the other was. ,
The injunction and bill ought, therefore, to have been dismissed, in toto, with damages and costs.
The decree of the circuit court must be reversed, with costs, and the cause remanded, with directions to enter a decree in pursuance of this opinion.